UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| **MICHAELA PERCY,**<br><br>       Plaintiff,<br><br>VERSUS<br><br>**SHARKNINJA OPERATING, LLC**,<br><br>       Defendant. | Civil Action No.:<br><br>Judge:<br><br>Magistrate Judge: |

**COMPLAINT FOR DAMAGES**

TO THE HONORABLE UNITED STATES DISTRICT COURT FOR THE MIDDLE DISTRICT OF LOUISIANA AND THE JUDGES THEREOF:

   The complaint of Michaela Percy, a person of the full age of majority, through undersigned counsel, alleges the following upon personal knowledge and belief, and investigation of counsel:

**NATURE OF THE CASEE**

1.  This is a product liability action seeking recovery for substantial personal injuries and damages suffered by **Plaintiff Michaela Percy** (hereafter referred to as "Plaintiff"), after Plaintiff was seriously injured by a "Ninja Foodie" pressure cooker (hereafter generally referred to as "pressure cooker(s)").

2.  Defendant SharkaNinja Operating, LLC (hereafter referred to as "Defendant SharkNinja") designs, manufactures, markets, imports, distributes and sell a wide-range of consumer products, including the subject "Ninja Foodie" pressure cooker at issue in this case.

3.  On or about October 19, 2020, Plaintiff suffered serious and substantial burn injuries as the direct and proximate result of the pressure cooker's lid suddenly and unexpectedly exploding off

1

the pressure cooker's pot during the normal, directed use of the pressure cooker, allowing its scalding hot contents to be forcefully ejected from the pressure cooker and onto Plaintiff.

4. As a direct and proximate result of Defendant's conduct, the Plaintiff in this case incurred significant and painful bodily injuries, medical expenses, wage loss, physical pain, mental anguish, and diminished enjoyment of life.

## THE PARTIES

5. Plaintiff was, at all relevant times, a resident and citizen, and domiciled in the City of Baton Rouge, Parish of East Baton Rouge, State of Louisiana. Plaintiff was a domiciliary of the City of Baton Rouge, Parish of East Baton Rouge, State of Louisiana from the time of her injuries through the present and is therefore deemed a citizen of this state for purposes of diversity jurisdiction under 28 U.S.C. § 1332.

6. Defendant SharkNinja designs, manufacturers, markets, imports, distributes, and sells a variety of consumer products, including the subject "Ninja Foodie" pressure cookers.

7. Defendant SharkNinja is a Massachusetts Limited Liability Corporation incorporated in the State of Delaware and has a principal place of business located at 89 A St. # 100, Needham, MA 02494. At the time of Plaintiff's injuries on April 14, 2020, the sole member of SharkNinja Operating, LLC was EP Midco, LLC, a Limited Liability Corporation created and organized under the law of the State of Delaware. Defendant SharkNinja has a registered service address Corporation Trust Center, 1209 Orange Street, Wilmington, DE 19801. Accordingly, Defendant SharkNinja is a resident and citizen of the State of Massachusetts for purposes of diversity jurisdiction under 28 U.S.C. § 1332.

## JURISDICTION AND VENUE

8. This Court has subject matter jurisdiction over this case pursuant to diversity jurisdiction

prescribed by 28 U.S.C. § 1332 because the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and there is complete diversity between the parties.

9.      Venue is proper in this Court pursuant to 28 U.S.C. § 1391 because all or a substantial part of the events or omissions giving rise to this claim occurred in this district.

10.     Venue is also proper in this Court pursuant to 28 U.S.C. § 1391 because Defendant has sufficient minimum contacts with the State of Louisiana and intentionally availed itself of the markets within Louisiana through the promotion, sale, marketing, and distribution of its products.

## FACTUAL BACKGROUND

11.     Defendant SharkNinja is engaged in the business of designing, manufacturing, warranting, marketing, importing, distributing and selling the pressure cookers at issue in this litigation.

12.     Defendant SharkNinja warrants, markets, advertises, and sell its pressure cookers as a means to cook "easy" and "convenient" allowing consumers to "cook 70% faster than traditional cooking method[s]." [1]

13.     Defendant SharkaNinja boasts that its pressure cookers have "14 safety features," [2] which purport to keep the user safe while cooking.

14.     For example, according to the Owner's Manual accompanying the individual unit sold, the pressure cookers are equipped with a "safety feature" that prevents the lid from unlocking until "the unit is completely depressurized."[3]

15.     By reason of the forgoing acts or omissions, the above-named Plaintiff and/or her family purchased the pressure cooker with the reasonable expectation that it was properly designed and

---

[1] https://www.ninjakitchen.com/pressure-cookers/ (last accessed September 22, 2021)
[2] *Id.*
[3] Attached hereto as "Exhibit A" and incorporated by reference is the "Ninja Foodi 10-in-1 8 Qt XL Pressure Cooker OS400 Series" Owner's Manual. *See,* e.g. pgs. 15, 23.

manufactured, free from defects of any kind, and that it was safe for its intended, foreseeable use of cooking.

16. On or about October 19, 2020, Plaintiff was using the pressure cooker designed, manufactured, marketed, imported, distributed, and sold by Defendant SharkNinja for its intended and reasonably foreseeable purpose of cooking.

17. While the pressure cooker was in use for cooking, the pressure cooker's lid unexpectedly and suddenly blew off the pot in an explosive manner. The contents of the pressure cooker were forcefully ejected out of the pot and onto Plaintiff, causing severe, disfiguring burns to, *inter alia*, her arms and breasts.

18. Plaintiff and her family used the pressure cooker for its intended purpose of preparing meals and did so in a manner that was reasonable and foreseeable by the Defendant SharkNinja.

19. However, the aforementioned pressure cooker was defectively and negligently designed and manufactured by Defendant SharkNinja in that it failed to properly function as to prevent the lid from being removed with normal force while the unit remained pressurized, despite the appearance that all the pressure had been released, during the ordinary, foreseeable and proper use of cooking food with the product; placing the Plaintiff, her family, and similar consumers in danger while using the pressure cookers.

20. Defendant SharkNinja's pressure cookers possess defects that make them unreasonably dangerous for their intended use by consumers because the lid can be rotated and opened while the unit remains pressurized.

21. Further, Defendant SharkNinja's representations about "safety" are not just misleading, they are flatly wrong, and put innocent consumers like Plaintiff directly in harm's way.

22. Economic, safer alternative designs were available that could have prevented the pressure cooker's lid from being rotated and opened while pressurized.

23. As a direct and proximate result of Defendant SharkNinja's intentional concealment of such defects, its failure to warn consumers of such defects, its negligent misrepresentations, its failure to remove a product with such defects from the stream of commerce, and its negligent design of such products, Plaintiff used an unreasonably dangerous pressure cooker, which resulted in significant and painful bodily injuries.

24. Consequently, the Plaintiff in this case seeks compensatory damages resulting from the use of Defendant SharkNinja's pressure cooker as described above, which has caused the Plaintiff to suffer from serious bodily injuries, medical expenses, lost wages, physical pain, mental anguish, diminished enjoyment of life, and other damages.

## CAUSES OF ACTION
## PURSUANT TO THE LOUISIANA PRODUCTS LIABILITY ACT
### (LSA-R.S. 9:2800.52, *ET SEQ*.)

25. Plaintiff incorporates by reference each preceding and succeeding paragraph as though set forth fully at length herein.

26. At the time of Plaintiff's injuries, Defendant's pressure cookers were defective and unreasonably dangerous for use by foreseeable consumers, including Plaintiff.

27. Defendant's actions and omissions were the direct and proximate cause of the Plaintiff's injuries and damages.

28. Defendant, under all applicable laws including, but not limited to, the Louisiana Products Liability Act, LSA-R.S. 9:2800.52 *et seq.,* is liable unto Plaintiff for her injuries and damages for designing, manufacturing, assembling, marketing, distributing, and/or selling the aforesaid pressure cooker that was unreasonably dangerous in construction or composition, in design,

because inadequate warnings about the product had not been provided, and/or because the pressure cooker did not conform to the implied and express warranties of the manufacturer about this product.

**WHEREFORE**, Plaintiff demands judgment against Defendant for damages, together with interest, costs of suit and all such other relief as the Court deems proper.

## INJURIES & DAMAGES

29. As a direct and proximate result of Defendant's negligence and wrongful misconduct as described herein, Plaintiff has suffered and will continue to suffer physical and emotional injuries and damages, including past, present, and future physical and emotional pain and suffering, as a result of the burn injuries she suffered from the incident.

30. As a direct and proximate result of Defendant's negligence and wrongful misconduct, Plaintiff has incurred and will continue to incur the loss of full enjoyment of life and physical disfigurement as a result of the burn injuries she suffered from the incident.

31. As a direct and proximate cause of Defendant's negligence and wrongful misconduct, Plaintiff has and will continue to incur expenses for medical care and treatment, as well as other expenses, as a result of the burn injuries she suffered from the incident.

32. Plaintiff's damages exceed $75,000.00 as required by 28 U.S.C. § 1332(a), and Plaintiff is entitled to recover the foregoing damages from Defendant in an amount to be proven at trial.

## JURY TRIAL DEMANDED

33. Plaintiff is entitled to and demands a trial by jury.

**PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff demands judgment against the Defendant for damages, to which she is entitled by law, as well as all costs of this action, interest and attorneys' fees, to the full extent of the law, whether arising under the common law and/or statutory law, including:

a. judgment for Plaintiff and against Defendant;

b. damages to compensate Plaintiff for her injuries, economic losses and pain and suffering sustained as a result of the use of the Defendant's pressure cookers;

c. pre and post judgment interest at the lawful rate;

d. a trial by jury on all issues of the case; and

e. for any other relief as this Court may deem equitable and just, or that may be available under the law of another forum to the extent the law of another forum is applied, including but not limited to all reliefs prayed for in this Complaint and in the foregoing Prayer for Relief.

Respectfully submitted,

**THE GERTLER LAW FIRM**

Dated: September 22, 2021

*/s/ Louis L. Gertler, Esq*
Louis L. Gertler, Esq. (#23091)
935 Gravier Street, Suite 1900
New Orleans, LA 70112
(504) 581-6411
lgertler@gertlerfirm.com

*In association with:*

**JOHNSON BECKER, PLLC**

*/s/ Adam J. Kress, Esq.*
Adam J. Kress, Esq.  (MN ID #0397289)
*Pro Hac Vice to be filed*
444 Cedar Street, Suite 1800
St. Paul, MN 55101
(612) 436-1800
akress@johnsonbecker.com

***Attorneys for Plaintiff***

Case 3:21-cv-00549-SDD-EWD    Document 1    09/22/21    Page 8 of 8